1
2
3
4
5              UNITED STATES DISTRICT COURT
6              EASTERN DISTRICT OF WASHINGTON
7
DUNCAN J. McNEIL,                    )
8                                     )
                                      )
9              Plaintiff,             )      No.   CV-06-028-AAM
10                                    )
          vs.                         )
11                                    )      **ORDER OF DISMISSAL**
                                      )
12                                    )
                                      )
13                                    )
UNITED STATES, et al.,                )
14                                    )
                                      )
15             Defendants.            )
16  _____ )

17        This action was transferred here from the United States District Court for the District of

18  Columbia.  It is the third such action transferred here from that district.  The previous actions (05-200-

19  AAM and 05-291-AAM) were dismissed with prejudice by this court.  The complaint in the captioned

20  matter is largely the same as the complaints at issue in 05-200 and 05-291 in that it seeks to register and

21  enforce certain judgments.  For reasons already specified in the "Order of Dismissal" entered in 05-200-

22  AAM (Ct. Rec. 5 in 05-200-AAM), the captioned action is likewise **DISMISSED with prejudice**.

23        It is obvious that plaintiff persists in his effort to circumvent this court's pre-filing review order

24  and subsequent order barring him from proceeding *in forma pauperis* on any matter.  A copy of the bar

25  order was sent to every District Executive in the nation to advise other judicial officials of the plaintiff's

26
27
28

**ORDER OF DISMISSAL -**            **1**

vexatious and abusive litigation[1], and ask them to consider dismissal of actions filed by plaintiff in those districts (as opposed to transfer to this district), and/or imposing their own sanctions against the plaintiff (pre-filing review order and/or bar order).  Because this is the third action transferred from the District of Columbia, and because the current action involved a judge different from the judge involved in the first two actions, the undersigned will direct that copy of this order, the orders entered in 05-200-AAM and 05-291-AAM, and a copy of the bar order entered in 05-211-AAM, be forwarded to the Nancy Mayer-Whittington, District Executive for the District of Columbia, asking that the judicial officers of that district be advised of the same.

Plaintiff shall not be allowed to file any further documents in the captioned matter, with the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals.  If plaintiff chooses to appeal, this order serves as the court's notice that the appeal is not taken in good faith and will not be certified for appeal by this court.  28 U.S.C. §1915(a)(3) and Fed. R. App. P. 24(a).  The effect of this is that this court will not allow plaintiff to proceed *in forma pauperis* on appeal, nor appoint him counsel on appeal.

**IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to plaintiff McNeil and to the District Executive for the District of Columbia.  The District Executive shall also enter judgment accordingly and CLOSE this file.

**DATED** this __2nd___ of February, 2006.


___s/ Alan A. McDonald_____
ALAN A. McDONALD
Senior United States District Judge

---

[1] This is manifested most recently by plaintiff's attempt to file in 04-427-AAM a petition to register foreign judgments.  04-427-AAM has been closed for a considerable period of time and plaintiff was specifically advised that no further filings would be accepted in that case.  (Ct. Rec. 37 in 04-427-AAM).

**ORDER OF DISMISSAL -**          **2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACHMENT #1


CASE # CV 05 200 AAM

Ct. Rec. #5, filed July 11, 2005

ORDER OF DISMISSAL

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15
16
17

DUNCAN J. McNEIL,                    )
                                     )
                                     )
                                     )
              Plaintiff,             )      No.   CV-05-200-AAM
                                     )
       vs.                           )
                                     )      **ORDER OF DISMISSAL**
                                     )
                                     )
                                     )
CITIZENS AGAINST, et al.,            )
                                     )
                                     )
              Defendants.            )
_____  )

       In an apparent effort to circumvent the pre-filing review orders issued by this court, plaintiff

filed an action in the United States District Court for the District of Columbia.[2]  The District of

Columbia transferred the action to the Eastern District of Washington on the basis that it was a habeas

matter and plaintiff is incarcerated in this district.  Actually, however, plaintiff's complaint appears to

be a petition for writ of mandamus pursuant to 28 U.S.C. §1361.  Even as such, the transfer is

appropriate.

       Apparently, what plaintiff seeks is an order compelling various federal government agencies,

including various federal courts, including the Eastern District of Washington, to enforce judgments

_____

       [2] He also attempted to file the identical action in the Western District of Kentucky.  The
documents, however, were not filed there and transferred here, but simply sent here by the Clerk of the
Court for the Western District of Kentucky.  Those documents will not be filed in this court for the
reasons provided in this order.

**ORDER OF DISMISSAL -**          **4**

plaintiff claims to have obtained in the United States Bankruptcy Court for the Eastern District of Washington, the United States District Court for the Eastern District of Washington, the United States Bankruptcy Court for the Western District of Washington, the United States District Court for the District of Idaho and the Spokane County Superior Court. Plaintiff apparently asserts that based on these judgments, a stipulated order was entered in CS-97-435-RHW and that this order should somehow be used to "execute" the aforementioned judgments. Plaintiff offers no explanation, however, as to how these foreign judgments, to the extent they in fact exist and were registered, are related to the stipulated order entered in CS-97-435-RHW.[3]

The "Stipulated Order Re: Liability And Damages" filed in CS-97-435-RHW on January 30, 2001 (Ct. Rec. 567), stipulated that counterclaimants, Citizens Against Bankruptcy & Real Estate Fraud L.P., Broadway Building II, L.P., Capital Finance, L.P., and Emerald Services Group, were jointly and severally liable to plaintiff, McNeil, in the sum of $319,132.00. No judgment, however, was ever entered pursuant to this stipulation, Judge Whaley deeming that no judgment was necessary. (Ct. Rec. 584 in CS-97-435-RHW filed March 12, 2001).[4] If plaintiff seeks to enforce the order entered in CS-97-435-RHW against the aforementioned counterclaimants, he may file a motion in CS-97-435-RHW asking Judge Whaley to issue a writ of execution **in that case**. As such, there simply is no need for and no basis for issuance of the writ of mandamus sought by plaintiff.

Plaintiff's "complaint" (petition for writ of mandamus) is **DISMISSED with prejudice**. Plaintiff shall not be allowed to file any further documents in the captioned matter, with the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals. If plaintiff chooses to appeal, this order serves as this court's notice that the appeal is not taken in good faith and will not be certified for appeal

---

[3] No foreign judgments were registered in this court in CS-04-427-AAM. Plaintiff was advised of this just recently in an order entered in CV-04-279-AAM (Ct. Rec. 84).

[4] Apparently filed in the District of Columbia was a "Certification Of Judgment For Registration In Another District" certifying that in CS-97-435-RHW "the attached judgment is a true and correct copy of the original judgment entered in this action on March 15, 2002 as it appears in the records of this court." No judgment is attached to the certification, however, and in reviewing the docket report in CS-97-435-RHW, the court fails to see where any formal judgment was entered in favor of plaintiff and specifically one on March 15, 2002.

**ORDER OF DISMISSAL -**        **5**

by this court.  28 U.S.C. §1915(3) and Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to plaintiff McNeil.

**DATED** this ___11th___ of July, 2005.

_____s/ Alan A. McDonald_____
ALAN A. McDONALD
Senior United States District Judge

**ORDER OF DISMISSAL -**        **6**

1

2

3

4

5

6

7

8

9

10                          ATTACHMENT #2

11                       CASE # CV 05 291 AAM

12                   Ct. Rec. #6, Filed October 5, 2005

13                       ORDER OF DISMISSAL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                       UNITED STATES DISTRICT COURT

4                     EASTERN DISTRICT OF WASHINGTON

5

DUNCAN J. McNEIL,                    )

6                                    )

7                                    )

          Plaintiff,                 )        No.   CV-05-291-AAM

8                                    )

    vs.                              )

9                                    )        **ORDER OF DISMISSAL**

                                     )

10                                   )

                                     )

11  WRIT #02-0002, et al.,           )

                                     )

12                                   )

                                     )

13                                   )

          Defendants.                )

14  _____ )

15        This action was transferred here from the United States District Court for the District of

16  Columbia.  The "verified complaint" filed by the plaintiff appears identical to the complaint involved in

17  CV-05-200-AAM which was also transferred here from the District of Columbia.  Indeed, the transfer

18  order in the captioned case is identical to the transfer order in 05-200-AAM, even bearing the same date

19  (June 9, 2005).  For reasons set forth in the "Order of Dismissal" entered in 05-200-AAM (Ct. Rec. 5),

20  the captioned action is also **DISMISSED with prejudice**.[5]

21        **IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to plaintiff

22  McNeil.

23        **DATED** this  5th   of October, 2005.

24

                        s/ Alan A. McDonald
25                     ALAN A. McDONALD
                    Senior United States District Judge
26

27  _____

28        [5]  It appears there is a pending appeal by the plaintiff in 05-200-AAM.

**ORDER OF DISMISSAL -**          **8**

ATTACHMENT #3

CASE # CV 05 211 AAM

Ct. Rec. #8, Filed August 9, 2005

ORDER OF DISMISSAL (WITH ATTACHMENTS)

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7
8    DUNCAN J. McNEIL,                    )
                                          )
9                                         )
                    Plaintiff,            )        No.   CV-05-211-AAM
10                                        )
             vs.                          )
11                                        )        **ORDER OF DISMISSAL,**
                                          )        ***INTER ALIA***
12                                        )
                                          )
13                                        )
     UNITED STATES, et al.,               )
14                                        )
                                          )
15                  Defendants.           )
16   _____ )

17        In yet another effort to circumvent the pre-filing review orders issued by this court, plaintiff

18   filed an action in the United States District Court for the Middle District of Florida.  That action has

19   now been transferred here and assigned case number 05-211-AAM.  The court further understands that

20   plaintiff has filed complaints in up to 70 different judicial districts throughout the nation, all of which

21   could wind up being transferred here since proper venue does not exist in those districts and any

22   allegation by plaintiff to the contrary is wholly frivolous.  In a vain attempt to establish venue in the

23   Middle District of Florida, the plaintiff names as defendants numerous federal agencies located in the

24   Middle District of Florida which have absolutely no connection to the matters involving the plaintiff in

25   the Eastern District of Washington.

26        The "verified complaint" filed in 05-211 is nearly identical to the complaint that was filed in the

27   United States Court for the District of Columbia, transferred here, assigned case number 05-200-AAM,

28   and then dismissed by an order dated July 11, 2005 (Ct. Rec. 5 in 05-200-AAM).  The reasons set forth

**ORDER OF DISMISSAL -**              **10**

in that order also justify dismissal with prejudice of the complaint filed in this matter.

In the complaint filed in the captioned matter, plaintiff makes a "conclusory" allegation that he is in imminent danger of serious physical injury. This is insufficient to demonstrate that plaintiff is, in fact, in imminent danger of physical injury. What it demonstrates is that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. §1915(g) and is manipulating it to serve his ends.

Further proof of plaintiff's vexatiousness is obviously evidenced by the flood of complaints he has filed in other judicial districts in which venue is improper. Attached to this "Order Of Dismissal" are copies of the pre-filing review orders this court has entered against the plaintiff which attest to his history of vexatious litigation in this court and in other courts. ("Order Denying Motions, *Inter Alia*" filed in 04-358-AAM, Ct. Rec. 18, and "Order Denying Motions, *Inter Alia*" filed in 04-371-AAM, Ct. Rec. 25). A copy of the "Order Of Dismissal," along with attachments, will be sent to the District Executive of every judicial district in the country so as to notify those courts of plaintiff's vexatiousness and encourage *sua sponte* dismissal of his complaints for improper venue, rather than transfer to this district. 28 U.S.C. §1406(a). See *Stich v. Rehnquist*, 982 F.2d 88, 89 (2nd Cir. 1992). When cases have been filed in other districts and then transferred here, this court is compelled to open up its own file with the result being that plaintiff has managed to evade pre-filing review in this district. It is also important that other judicial districts know of the plaintiff's vexatiousness in order to protect themselves from a deluge of frivolous and abusive filings by the plaintiff. Other districts may deem it necessary to enter their own pre-filing review orders regarding the plaintiff.

Enough is enough, however, in this district. Prior to this recent deluge of filings in other judicial districts, plaintiff received "three strikes" in this district under 28 U.S.C. §1915(g). (See "Order To Show Cause" filed in 04-371-AAM at Ct. Rec. 10). The result of that was plaintiff could not file any more civil actions *in forma pauperis* unless he demonstrated "imminent danger of serious physical injury." As discussed above, plaintiff is under the faulty impression that all he needs to do is make a conclusory allegation that he is in "imminent danger of serious physical injury" and that will be enough to allow filing of his complaints and consideration of all the grievances contained therein, including those which have nothing to do with any "imminent danger of serious physical injury." The plaintiff is mistaken and his most recent round of abusive and frivolous filings in various judicial

ORDER OF DISMISSAL -    **11**

districts throughout the nation will result in him being barred from filing any civil actions *in forma pauperis* in this district. *In re Demos*, 925 F.2d 1160 (9th Cir. 1991), *cert. denied* 498 U.S. 1123, 111 S.Ct. 1082 (1991).

Plaintiff has abused the writ of habeas corpus in a similar manner. (See "Order To Show Cause filed in 04-358-AAM at Ct. Rec. 5). He fails to understand that he is not in federal custody and therefore he cannot pursue relief under 28 U.S.C. §2255. (Ct. Rec. 5 in 04-280-AAM). He fails to understand that he needs to exhaust all state court remedies before he can pursue habeas corpus relief under §2254 due to his state custody. Accordingly, he will be barred from any type of habeas petition, unless it is accompanied by the modest $5 filing fee.

The United States Supreme Court explained it best in *In re Sindram*, 498 U.S. 177, 179-80, 111 S.Ct. 596 (1991):

> The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a capacity greater than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations - filing fees and attorney's fees- that deter other litigants from filing frivolous petitions. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations, and theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system.

Accordingly **IT IS HEREBY ORDERED**:

1) The complaint in the captioned matter is **DISMISSED with prejudice**.

2) **The District Executive of the Eastern District of Washington shall not accept for filing from Duncan McNeil any civil actions or habeas corpus petitions of any kind, unless accompanied by the appropriate filing fee.[6] Any materials sent to the court without the appropriate filing fee will not be returned to the plaintiff.**

3) Plaintiff shall not be allowed to file any further documents in the captioned matter, with the

---

[6] Should plaintiff tender the appropriate filing fee, he still remains subject to the court's sanctioning authority for any abuses.

**ORDER OF DISMISSAL -**          **12**

exception of a Notice of Appeal to the Ninth Circuit Court of Appeals.  If plaintiff chooses to appeal, this order serves as this court's notice that the appeal is not taken in good faith and will not be certified for appeal by this court.  28 U.S.C. §1915(3) and Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to plaintiff McNeil and to the District Executives of every judicial district in the nation.

    **DATED** this __9th___ of August, 2005.


                        s/ Alan A. McDonald
                        ALAN A. McDONALD
                        Senior United States District Judge

**ORDER OF DISMISSAL -**          **13**

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF WASHINGTON

9

10    DUNCAN J. McNEIL,                )
                                       )
11                                     )
                   Petitioner,         )        Nos.    CV-04-358-AAM
12                                     )
            vs.                        )
13                                     )        **ORDER DENYING MOTIONS,**
                                       )        *INTER ALIA*
14    CAPTAIN DICK COLLINS, et al.,    )
                                       )
15                                     )
                                       )
16                                     )
                   Respondents.        )
17    _____)

            Petitioner has filed a "Motion For Extension Of Time," a "Motion For Access To Courts" and a

18    "Motion For Appointment of Counsel." (Ct. Rec. 17). He has also submitted another habeas corpus

19    petition styled as a petition under 28 U.S.C. §2241.

20            The motions presumably pertain to the show cause proceedings because those are the only

21    ongoing proceedings in CV-04-358.[7] In an order dated November 10, 2004, petitioner was directed to

22    show cause why a "pre-filing review order" should not be entered against him. (Ct. Rec. 5). In an

23    order dated December 13, 2004 (Ct. Rec. 11), the time for petitioner to file his show cause

24    memorandum was extended to January 19, 2005.

25

26    _____

27        [7] The show cause proceedings relate to potential future filings by the petitioner. All of the habeas
      petitions at issue in CV-04-358 were dismissed with prejudice and are now on appeal before the Ninth
28    Circuit. The Ninth Circuit will independently review this court's certification that none of the appeals
      have been taken in good faith and determine whether such was justified.

**ORDER OF DISMISSAL -          14**

Petitioner states his response to this court's order to show cause was "rejected" by corrections officials and that he "got an empty envelope back . . . as well as my other pleadings, motions and filings to this court, other courts and govt. agencies."  Although petitioner has submitted a large volume of material to the court (the motions and the habeas petition), he has not included anything which is specifically labeled as a "show cause response" bearing the 04-358 caption.  Frankly, the court cannot understand why petitioner did not include, or could not have included, a specific "show cause response" with the materials he has now submitted to the court.  Accordingly, the court will treat what petitioner has now submitted as his response to the show cause order.  Having reviewed the same, the court finds petitioner has not shown good cause why a "pre-filing review order" should not be entered against him. Indeed, what petitioner has now submitted is just more of the same frivolous and/or abusive material which led to issuance of the show cause order.  Petitioner is not entitled to appointment of counsel to pursue frivolous and/or abusive litigation.[8]

In the order to show cause, the District Executive was directed not to accept for filing any further habeas petitions from the petitioner pending this court's show cause determination, but to forward the same to the chambers of the undersigned for review.  The undersigned has reviewed the habeas petition styled as a 28 U.S.C. §2241 petition and finds it to be frivolous.  A §2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of the judgment of a criminal court.  Challenges to the lawfulness of a state conviction are properly brought through a petition for writ of habeas corpus under 28 U.S.C. §2254.  It is apparent from the petition that petitioner  is now being confined pursuant to a criminal conviction in Spokane County Superior Court on February 3, 2005.  A jury convicted him of violating a no-contact order and he is awaiting sentencing on March 17, 2005.[9]  Petitioner says he intends to appeal his conviction, but notes he has yet to be sentenced.  It is clear the petitioner has not exhausted his state court remedies as he is required to do under §2254 before he can challenge the lawfulness of his conviction in this court.  28

---

[8]  Mr. McNeil is a defendant in a separate contempt proceeding, CV-04-279-AAM.  He has been appointed counsel in that case since his liberty is potentially at stake.

[9]  Pursuant to a Spokane County Superior Court divorce decree dated December 8, 2003, plaintiff was restrained from contacting his children or his ex-wife.

**ORDER OF DISMISSAL -          15**

U.S.C. §2254(b)(1).  The petition will not be filed.  It will be returned to petitioner.

**IT IS HEREBY ORDERED:**

1) Petitioner's motions (Ct. Rec. 17) are **DENIED**.

2) Petitioner shall not be allowed to file any further documents in the captioned matter, other than a "Notice of Appeal" appealing **this order**.

3) Any future habeas petitions submitted by petitioner to the District Executive shall first be "Received" by the District Executive and then forwarded to the undersigned for review to determine whether the allegations contained therein are frivolous and/or abusive.  If the allegations are frivolous and/or abusive, the petitions will be returned to him.  If not frivolous, the petitioner will be allowed to file said petitions, subject to payment of the filing fee, unless he is allowed to proceed *in forma pauperis.*[10]

4) Any future petitions submitted by petitioner shall include in their caption:  "Subject to a Pre-Filing Order."  Any future petitions shall be accompanied by a copy of this Order and contain a statement from petitioner that he has not previously brought an action against the same respondents in the Eastern District of Washington containing the same operative allegations.

5) Failure to adhere to these provisions will subject petitioner to sanctions, including civil and/or criminal contempt.  **Moreover, petitioner is advised that he should exercise discretion in exercising the privilege to continue to submit documents to this court for review to determine whether they should be filed.  If petitioner continues to submit materials which this court deems frivolous and/or abusive and which therefore, should not be filed, the court will consider entering an outright bar order which would prevent him from submitting any documents to the court, even for review purposes.**  See *In re Demos*, 925 F.2d 1160, 1161 (9th Cir. 1991).

/ / /

/ / /

---

[10]  Contrary to petitioner's assertion, this court has not made any ruling that petitioner will never again be allowed to proceed IFP.  If he submits a habeas petition that warrants filing following this court's review, a petition to proceed IFP will be given due consideration.

**ORDER OF DISMISSAL -**          **16**

1    **IT IS SO ORDERED.**  The District Executive shall forward copies of this order to petitioner

2    and to each of the judicial officers of the Eastern District of Washington.

3    **DATED** this __2nd___ of March, 2005.

4

5                          __s/ Alan A. McDonald_____
                                ALAN A. McDONALD
6                            Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER OF DISMISSAL -**        **17**

1
2
3
4                        UNITED STATES DISTRICT COURT
5                        EASTERN DISTRICT OF WASHINGTON
6   DUNCAN J. McNEIL,                    )
7                                        )
                                         )
8              Petitioner,               )   Nos.
                                         )        CV-04-358-AAM
9        vs.                             )        CV-04-388-AAM
                                         )        CV-04-422-AAM
10                                       )        CV-04-423-AAM
                                         )        CV-04-424-AAM
11                                       )        CV-04-425-AAM
                                         )
12                                       )
                                         )   **ORDER OF CONSOLIDATION**
13                                       )
                                         )
14  CAPTAIN DICK COLLINS, et al.,        )
                                         )
15                                       )
                                         )
16             Respondents.              )
    _____)
17
            For purposes of the show cause determination to be made pursuant to the "Order To Show
18
    Cause" issued by this court on November 10, all of the numbered cases set forth in the caption are
19
    hereby **CONSOLIDATED**.  Plaintiff's anticipated show cause memorandum and any further filings
20
    related to the show cause proceedings shall be filed only  in Case No. CV-04-358-AAM.
21
            **IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to petitioner.
22
            **DATED** this 10th  of November, 2004.
23
24
25                          s/ Alan A. McDonald
                           ALAN A. McDONALD
26                         Senior United States District Judge
27
28

**ORDER OF DISMISSAL -**              **18**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DUNCAN J. McNEIL,                    )
                                     )
                                     )
                                     )
                    Petitioner,      )        Nos.
                                     )            CV-04-358-AAM
           vs.                       )            CV-04-388-AAM
                                     )            CV-04-422-AAM
                                     )            CV-04-423-AAM
                                     )            CV-04-424-AAM
                                     )            CV-04-425-AAM
                                     )
                                     )        **ORDER TO SHOW CAUSE,**
                                     )        *INTER ALIA*
                                     )
CAPTAIN DICK COLLINS, et al.,        )
                                     )
                                     )
                                     )
                    Respondents.     )
_____)

On October 5, 2004, the court received a "Habeas Corpus Petition (State Custody)" from Mr. McNeil, a prisoner at the Spokane County Jail (04-358) .  On October 27, 2004, Mr. McNeil submitted a habeas corpus petition, purportedly under 28 U.S.C. § 2241, consisting of 113 pages[11] (04-388).  Four more petitions, also purportedly under 28 U.S.C. § 2241, were received simultaneously on November 9, 2004 (04-422, 04-423, 04-424, 04-425).   In addition, Mr. McNeil has inundated the court with numerous other actions which are addressed by separate Order.  Plaintiff seeks leave to proceed *in forma pauperis* in each of these actions.

_____

[11]Twelve of those pages are a "Statement of Claim - Exhibit A" which Mr. McNeil has copied and submitted with virtually every action he has presented in this court since his incarceration.  The next 35 pages are a copy of a "Motion to Modify or Correct Sentence and Judgment . . ."in the Spokane County Superior Court,  dated September 24, 2004.  Petitioner also attaches copies of numerous grievances and responses filed with the Spokane County Jail, in addition to copies of documents he indicates he attempted to file in state criminal proceedings.

**ORDER OF DISMISSAL -**            **19**

This court has entered a separate order in 04-358, denying that Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. After review of the contentions set forth in 04-388, 04-422, 04-423, 04-424, and 04-425, the court finds they are substantially the same as those previously found to be legally frivolous and malicious in other actions, and/or premature and unexhausted. Accordingly, Mr. McNeil's petitions in 04-388, 04-422, 04-423, 04-424, and 04-425 are **DENIED.**

In addition to his various civil rights complaints, Mr. McNeil's habeas petitions are indisputably "harassing" as plainly evidenced by the sheer number of them, the rapid succession in which they have been filed, and the numerous overlapping "claims" in the petitions and complaints. Needless to say, petitioner's abusive filings threaten the orderly administration of business in this court.

It is noted that this is not the first time petitioner has been found to be a "vexatious litigant." This court takes judicial notice of the following: 1) that on November 1, 2000, the U.S. Bankruptcy Court for the Central District of California determined that Mr. McNeil was a "vexatious litigant" and imposed conditions on future filings from him; and 2) that on September 9, 2002, the Spokane County Superior Court determined Mr. McNeil was a "vexatious litigant" and imposed conditions on future filings from him.

The court has inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*. In re Demos, 925 F.2d 1160, 1161 (9th Cir. 1991). An order restricting future court filings must comply with the following requirements: 1) the petitioner must be given notice and the opportunity to oppose entry of the order; 2) the district court must indicate what court filings support issuance of the order; 3) the court must find the filings frivolous or harassing; 4) the order must be narrowly tailored to curb the abuses of the particular litigant. DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Within ten (10) days of the date of this order, petitioner shall file a memorandum with the court showing cause why the court should not issue a "pre-filing review order" which would require that before petitioner could file any other habeas corpus petitions in the Eastern District of Washington, he would have to submit the same to this court for review in order to insure the petition is presently cognizable, and not abusive in substance or length. This memorandum shall be no more than 10 pages

ORDER OF DISMISSAL -    **20**

in length and shall bear the caption set forth above with all of the respective case numbers.

**FAILURE TO FILE A MEMORANDUM WITHIN THE TIME SPECIFIED WILL RESULT IN ISSUANCE OF THE PRE-FILING REVIEW ORDER.**

**PENDING THE COURT'S SHOW CAUSE DETERMINATION, THE CLERK'S OFFICE SHALL NOT ACCEPT ANY FURTHER HABEAS CORPUS PETITIONS FROM MR. MCNEIL, BUT SHALL FORWARD THE SAME TO THIS COURT'S CHAMBERS FOR REVIEW.**

**IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to petitioner.

**DATED** this   10th   of November, 2004.


                    s/ Alan A. McDonald
                    ALAN A. McDONALD
              Senior United States District Judge

**ORDER OF DISMISSAL -** 　　　　　**21**

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7
    DUNCAN J. McNEIL,                    )
8                                        )
                                         )
9                      Plaintiff,        )       Nos.    CV-04-371-AAM
                                         )
10            vs.                        )
                                         )       **ORDER DENYING MOTIONS,**
11                                       )       *INTER ALIA*
                                         )
12   SPOKANE COUNTY JAIL, et al.,        )
                                         )
13                                       )
                                         )
14                     Defendants.       )
     _____)

15          Plaintiff has filed a "Motion For Extension Of Time," a "Motion For Access To Courts" and a

16   "Motion For Appointment of Counsel."  (Ct. Rec. 24).

17          The motions presumably pertain to the show cause proceedings because those are the only

18   ongoing proceedings.[12]  In an order dated November 9, 2004, plaintiff was directed to show cause why

19   a "pre-filing review order" should not be entered against him.  (Ct. Rec. 10).  In an order dated

20   December 13, 2004 (Ct. Rec. 17), the time for plaintiff to file his show cause memorandum was

21   extended to January 19, 2005.

22          Plaintiff states his response to this court's order to show cause was "rejected" by corrections

23   officials and that he "got an empty envelope back . . . as well as my other pleadings, motions and filings

24   to this court, other courts and govt. agencies."  Although plaintiff has submitted a large volume of

25

26          [12]  The show cause proceedings relate to potential future filings by the plaintiff.  All of the civil

27   rights complaints at issue in CV-04-371 were dismissed with prejudice and are now on appeal before the
     Ninth Circuit. The Ninth Circuit will independently review this court's certification that none of the

28   appeals have been taken in good faith and determine whether such was justified.

**ORDER OF DISMISSAL -**          **22**

material to the court, he has not included anything which is specifically labeled as a "show cause response" bearing the 04-371 caption. Frankly, the court cannot understand why plaintiff did not include, or could not have included, a specific "show cause response" with the materials he has now submitted to the court. Accordingly, the court will treat what plaintiff has now submitted as his response to the show cause order. Having reviewed the same, the court finds plaintiff has not shown good cause why a "pre-filing review order" should not be entered against him. Indeed, what plaintiff has now submitted is just more of the same frivolous and/or abusive material which led to issuance of the show cause order. Plaintiff is not entitled to appointment of counsel to pursue frivolous and/or abusive litigation.[13]

**IT IS HEREBY ORDERED:**

1) Plaintiff's motions (Ct. Rec. 24) are **DENIED**.

2) Plaintiff shall not be allowed to file any further documents in the captioned matter, other than a "Notice of Appeal" appealing **this order**.

3) Any future complaints submitted by plaintiff to the District Executive shall first be "Received" by the District Executive and then forwarded to the undersigned for review to determine whether the allegations contained therein are frivolous and/or abusive. If the allegations are frivolous and/or abusive, the complaints will be returned to him. If not frivolous, the plaintiff will be allowed to file said complaints, subject to payment of the filing fee, unless plaintiff is allowed to proceed *in forma pauperis.*[14]

4) Any future complaints submitted by plaintiff shall include in their caption: "Subject to a Pre-Filing Order." Any future complaints shall be accompanied by a copy of this Order and contain a statement from plaintiff that he has not previously brought an action against the same defendants in the Eastern District of Washington containing the same operative allegations.

---

[13]  Mr. McNeil is a defendant in a separate contempt proceeding, CV-04-279-AAM. He has been appointed counsel in that case since his liberty is potentially at stake.

[14]  Contrary to plaintiff's assertion, this court has not made any ruling that plaintiff will never again be allowed to proceed IFP. If he submits a complaint that warrants filing following this court's review, a petition to proceed IFP will be given due consideration.

**ORDER OF DISMISSAL -**          **23**

5) Failure to adhere to these provisions will subject plaintiff to sanctions, including civil and/or criminal contempt.  **Moreover, plaintiff is advised that he should exercise discretion in exercising the privilege to continue to submit documents to this court for review to determine whether they should be filed.  If plaintiff continues to submit materials which this court deems frivolous and/or abusive and which therefore, should not be filed, the court will consider entering an outright bar order which would prevent plaintiff from submitting any documents to the court, even for review purposes.**  See *In re Demos*, 925 F.2d 1160, 1161 (9th Cir. 1991).

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to plaintiff and to each of the judicial officers of the Eastern District of Washington.

**DATED** this  2nd   of March, 2005.


      s/ Alan A. McDonald
      ALAN A. McDONALD
      Senior United States District Judge

**ORDER OF DISMISSAL -**          **24**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DUNCAN J. McNEIL,                          )
                                           )
                                           )
                                           )
                    Plaintiff,             )      Nos.
                                           )           CV-04-371-AAM
          vs.                              )           CV-04-372-AAM
                                           )           CV-04-378-AAM
                                           )           CV-04-379-AAM
                                           )           CV-04-380-AAM
                                           )           CV-04-384-AAM
                                           )           CV-04-398-AAM
                                           )           CV-04-399-AAM
                                           )           CV-04-404-AAM
                                           )           CV-04-405-AAM
                                           )           CV-04-406-AAM
                                           )           CV-04-410-AAM
                                           )           CV-04-411-AAM
                                           )           CV-04-412-AAM
                                           )           CV-04-419-AAM
                                           )           CV-04-420-AAM
                                           )           CV-04-421-AAM
                                           )
                                           )
                                           )      **ORDER TO CONSOLIDATE**
                                           )
SPOKANE COUNTY JAIL, et al.,               )
                                           )
                                           )
                    Defendants.            )
_____)

          For purposes of the show cause determination to be made pursuant to the "Order To Show

Cause" issued by this court on November 9, all of the numbered cases set forth in the caption are hereby

**CONSOLIDATED**.  Plaintiff's anticipated show cause memorandum and any further filings related to

the show cause proceedings shall be filed only  in Case No. CV 04-371-AAM.

**ORDER OF DISMISSAL -**               **25**

**IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to plaintiff.

**DATED** this  10th  of November, 2004.


        s/ Alan A. McDonald
ALAN A. McDONALD
 Senior United States District Judge

**ORDER OF DISMISSAL -**          **26**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DUNCAN J. McNEIL,                          )
                                           )
                                           )
                                           )
                    Plaintiff,             )    Nos.
                                           )         CV-04-371-AAM
             vs.                           )         CV-04-372-AAM
                                           )         CV-04-378-AAM
                                           )         CV-04-379-AAM
                                           )         CV-04-380-AAM
                                           )         CV-04-384-AAM
                                           )         CV-04-398-AAM
                                           )         CV-04-399-AAM
                                           )         CV-04-404-AAM
                                           )         CV-04-405-AAM
                                           )         CV-04-406-AAM
                                           )         CV-04-410-AAM
                                           )         CV-04-411-AAM
                                           )         CV-04-412-AAM
                                           )         CV-04-419-AAM
                                           )         CV-04-420-AAM
                                           )         CV-04-421-AAM
                                           )
                                           )    **ORDER TO SHOW CAUSE,**
                                           )    ***INTER ALIA***
                                           )
SPOKANE COUNTY JAIL, et al.,               )
                                           )
                                           )
                                           )
                    Defendants.            )
_____   )

        Two civil rights complaints were "received" from plaintiff on October 14, 2004 (04-371 and 04-

372), three more on October 19 (04-378, 04-379, and 04-380), one on October 25 (04-384), one on

October 27 (04-388), one on October 29 (04-398), two more on November 1 (04-399 and 04-404), one

on November 2 (04-405), one on November 3 (04-406), two on November 4 (04-410 and 04-411),  one

**ORDER OF DISMISSAL -**          **27**

on November 5 (04-412), and three on November 9 (04-419, 04-420 and 04-421).[15]  Plaintiff  seeks to

proceed *in forma pauperis*  with regard to each of these complaints.

Contemporaneous with this order, this court has entered separate orders in 04-371, 04-372, 04-378, 04-379 and 04-380, dismissing each of the complaints therein with prejudice, finding they are frivolous and malicious.  A prisoner who brings three or more civil actions which are dismissed as frivolous, malicious, or for failure to state a claim, will be precluded from bringing any other civil action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. §1915(g).  None of the plaintiff's other complaints show that plaintiff is under imminent danger of serious physical injury .  They contain allegations similar to those in 04-371, 04-372, 04-378, 04-379 and 04-380, which have been found legally frivolous and malicious.  Accordingly, plaintiff's complaints in 04-384, 04-398, 04-399, 04-404, 04-405, 04-406, 04-410, 04-411, 04-412, 04-419, 04-420 and 04-421 are also  **HEREBY DISMISSED WITH PREJUDICE**.

Plaintiff's complaints are not only frivolous and malicious, they are indisputably "harassing" as plainly evidenced by the sheer number of them, the multitude of defendants named in each complaint without any specific indication of how the "facts" alleged specifically relate to each defendant, the rapid succession in which the complaints have been filed, and the numerous overlapping "claims" and defendants in the complaints.[16]  Essentially, the plaintiff names as defendant every Washington State and federal government official, including judicial officials, of whom he has some knowledge or with whom he has had some type of contact, however remote.  Needless to say, plaintiff's abusive filings threaten the orderly administration of business in this court.

It is noted that this is not the first time plaintiff has been found to be a "vexatious litigant."  This

---

[15] Plaintiff's "Verified Taxpayer Suit" (04-372), "Administrative Discrimination Complaint" (04-404), and his "Verified Citizen's Action" (04-399)," are liberally construed as federal civil rights complaints.  In addition to his civil rights complaints, the court has "received" six habeas petitions from the plaintiff which will be dealt with separately.

[16] The "Relief" requested by the plaintiff in a number of these complaints is word-for-word identical.  It is apparent that plaintiff has simply copied the "Relief" section from a previous complaint and then scratched out the old date to reflect a new date and placed a new signature next to his old signature.

**ORDER OF DISMISSAL -**          **28**

court takes judicial notice of the following: 1) that on November 1, 2000, the U.S. Bankruptcy Court for the Central District of California determined that plaintiff was a "vexatious litigant" and imposed conditions on future filings from him; and 2) that on September 9, 2002, the Spokane County Superior Court determined plaintiff was a "vexatious litigant" and imposed conditions on future filings from him.

The court has inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*. In re Demos, 925 F.2d 1160, 1161 (9th Cir. 1991).  An order restricting future court filings must comply with the following requirements: 1) the plaintiff must be given notice and the opportunity to oppose entry of the order; 2) the district court must indicate what court filings support issuance of the order; 3) the court must find the filings frivolous or harassing; 4) the order must be narrowly tailored to curb the abuses of the particular litigant.  DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Within ten (10) days of the date of this order, plaintiff shall file a memorandum with the court showing cause why the court should not issue a "pre-filing review order" which would require that before plaintiff could file any other complaints in the Eastern District of Washington, he would have to submit the same to this court for review in order to insure the complaint is not legally frivolous or malicious.  This memorandum shall be no more than 10 pages in length and shall bear the caption set forth above with all of the respective case numbers.

**FAILURE TO FILE A MEMORANDUM WITHIN THE TIME SPECIFIED WILL RESULT IN ISSUANCE OF THE PRE-FILING REVIEW ORDER.**

**PENDING THE COURT'S SHOW CAUSE DETERMINATION, THE CLERK'S OFFICE SHALL NOT ACCEPT ANY FURTHER CIVIL RIGHTS COMPLAINTS FROM THE PLAINTIFF, BUT SHALL FORWARD THE SAME TO THIS COURT'S CHAMBERS FOR REVIEW.**

/ / /

/ / /

/ / /

**ORDER OF DISMISSAL -**        **29**

**IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to plaintiff.

**DATED** this 9<u>th</u> of November, 2004.


s/ Alan A. McDonald
ALAN A. McDONALD
Senior United States District Judge

**ORDER OF DISMISSAL -**          **30**